UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS HINES,

      Plaintiff,

v.                                         CASE NO. 3:09-CV-00461-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

### I.    Synopsis of the Issues on Appeal

As framed by Plaintiff, there are two issues on appeal. Both issues concern the third step of the required analysis, i.e., whether Plaintiff met a listed impairment, (Doc. 22) which would entitle him to a conclusive presumption of disability, *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). First, Plaintiff contends the Administrative Law Judge ("ALJ") erred in finding that Plaintiff failed to "meet his burden in proving that his . . . impairment met . . . Listing 14.08B(2) and/or 14.08C(2)."[2] (Doc. 22.) Second, Plaintiff

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 11 & 13.)

[2] Although Plaintiff frames the issue as whether he met his burden "in proving that his HIV impairment met *or equaled*" one or both of the Listings (Doc. 22 (emphasis added)), Plaintiff's arguments are directed exclusively to whether his impairments *met* the Listings. Nowhere below did Plaintiff "present evidence which describes how the impairment has . . . an equivalency." *Wilkinson* ex rel. *Wilkinson v. Bowen*, 847 F.2d 660,

(continued...)

clear

argues the Appeals Council erred "by (1) failing to recognize that the ALJ erred in determining that [Plaintiff's] impairments did not meet a Listed impairment(s) and (2) failing to recognize that [Plaintiff's] HIV impairment met revised Listing 14.08B(2) and/or 14.08B(7)." (*Id.*)

## II.   Social Security Act Eligibility and the Standard of Review

A plaintiff is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2007).[3] The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. Plaintiff bears the burden of persuasion through the fourth step, and at the fifth step the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[4]

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if

---

(...continued)
662 (11th Cir. 1987). Accordingly, the Court does not consider equivalency an issue.

[3] The 2007 version of 20 C.F.R. was the version applicable to the ALJ's decision. Accordingly, all subsequent references to 20 C.F.R. will be to the 2007 version unless otherwise specified.

[4] Because the disability definitions for DIB and SSI are identical, cases under one statute are persuasive as to the other. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

**III.   Background Facts**

Plaintiff filed an application for a Period of Disability and DIB on June 21, 2006 and for SSI on June 22, 2006, alleging an inability to work since February 15, 2002. (Tr.106, 111.) The Social Security Administration ("SSA") denied these applications initially (Tr. 66-71) and upon reconsideration (Tr. 75-79). Plaintiff amended his alleged onset date to March 10, 2006. (Tr. 26, 209.) Thus, Plaintiff's claim is that he was disabled from March

10, 2006 (Tr. 209) to February 29, 2008,[5] due to HIV, complications arising from HIV, and neck, back, and shoulder problems (Tr. 35-41, 209).

Plaintiff requested (Tr. 80) and received a hearing before an ALJ on October 18, 2007 (Tr. 21-57, 94-104). Plaintiff testified at the hearing. (Tr. 27-54.) The ALJ issued her decision on February 23, 2008, finding Plaintiff not disabled and denying his claim. (Tr. 13-20.)

The ALJ first determined Plaintiff met the insured status requirements of the Social Security Act through June 30, 2008. (Tr. 15.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date, March 10, 2006. (*Id.*) At step two, the ALJ determined that Plaintiff had the following severe impairments: "HIV and degenerative disc disease of the cervical spine." (*Id.* (citations omitted).)

At step three, the ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.) Although the ALJ heard and considered evidence submitted by Plaintiff that his impairments met one or more of the listed impairments under section 14.08, (*see, e.g.*, Tr. 39) after considering all of the evidence, the ALJ determined that they did not, (Tr. 16).

Proceeding with the analysis, the ALJ found: "[Plaintiff] has the residual functional capacity to perform the exertional demands of light work or work which requires maximum

---

[5] After the ALJ denied Plaintiff's claim in this case, Plaintiff filed a new application with the SSA and was found disabled with an onset date of February 29, 2008. (*See* Doc. 22-1.) Thus, this appeal concerns only the time period from March 10, 2006 to February 29, 2008.

4

lifting of twenty pounds and frequent lifting of ten pounds.  He can sit, stand, or walk for up to 6 hours in an 8 hour workday." (*Id.*)  The ALJ further determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 17.)

At step four, the ALJ determined Plaintiff was unable to perform any of his past relevant work.  (Tr. 19.)  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*)  Thus, the ALJ concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act from March 10, 2006 through the date of the ALJ's decision.  (Tr. 20.)

The same day that the ALJ issued her decision, Plaintiff filed a Request for Review by the Appeals Council (Tr. 4-9), which was denied on April 2, 2009 (Tr. 1-3).  Accordingly, the ALJ's February 23, 2008 decision was the final decision of the Commissioner.  (Tr. 1.) Plaintiff timely filed his Complaint in the United States District Court for the Middle District of Florida on May 22, 2009.  (*See* Doc. 1.)

**IV.   Analysis**

    **A.   Standard Regarding Listings**

The listing of impairments in the Social Security Regulations identifies impairments that are considered severe enough to prevent a person from gainful activity.  *See Crayton*, 120 F.3d at 1219.  By meeting a listed impairment or otherwise establishing an equivalence, a claimant is "conclusively presumed to be disabled based on his or her

medical condition," *id.*, without regard to the claimant's age, education, or work experience, *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984). Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Id.* However, at this stage of the evaluation process, the burden is on the claimant to prove that he or she is disabled. *Wilkinson* ex rel. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. *Id.* Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

### B.     Issues on Appeal

#### 1.     Whether the ALJ erred in finding that Plaintiff failed to "meet his burden in proving that his HIV impairment met . . . Listing 14.08B(2)"

Under 20 C.F.R. Part 404, Subpart P, Appendix 1, section 14.08B(2), a person is disabled if he is infected with HIV and has "[c]andidiasis, at a site other than the skin, urinary tract, intestinal tract, or oral or vulvovaginal mucous membranes; or candidiasis involving the esophagus, trachea, bronchi, or lungs."[6]

The Commissioner concedes that Plaintiff was HIV-positive during the relevant time frame. Plaintiff argues that his March 31, 2006 diagnosis of "oral esophageal thrush" at Shands Jacksonville (Tr. 492) and his October 4, 2007 diagnosis of "esophageal candidiasis" by Dr. H.B. Reeder (Tr. 499), a treating physician, establish that he met Listing

---

[6] "Candidiasis" is also referred to as "thrush."

6

14.08B(2).  (*See* Doc. 22.)  To further bolster his argument, Plaintiff points out that, upon the first of those diagnoses, he was prescribed Fluconazole, the medicine customarily prescribed to treat candidiasis.  (*Id.*)

Although those diagnoses and the prescription raise an issue whether Plaintiff had esophageal candidiasis, "impairment(s) cannot meet the criteria of a listing based only on a diagnosis."  20 C.F.R. §§ 404.1525(d), 416.925(d); *see also Carnes*, 936 F.2d at 1218.  For a claimant to establish that his condition meets a listed impairment, the diagnosis must be corroborated with medical evidence supported by clinical and laboratory findings.  *Carnes*, 936 F.2d at 1218.  There is no such evidence in the record.

Moreover, there is substantial evidence in the record that claimant's candidiasis was only oral and not esophageal.  First, the only unequivocal diagnosis in the record that Plaintiff met Listing 14.08B(2) was Dr. Reeder's conclusory opinion in response to a questionnaire that Plaintiff had "esophageal candidiasis," among many other diagnoses. (Tr. 499.)  While weighing that opinion, the ALJ appropriately considered the other, and in this case inconsistent, evidence.  For example, Plaintiff had numerous diagnoses of mere *oral* candidiasis.  (*See* Tr. 218 (opining that Plaintiff's "oral cavity has thrush"), 462 (stating that Plaintiff has "[o]ral [t]hrush"), 479 (stating that Plaintiff recently had "oral thrush"), 491 (finding that Plaintiff had "oral thrush on posterior pharynx, roof of mouth"), 494 (assessing Plaintiff as having "[o]ral [t]hrush").)

Regarding Plaintiff's symptoms in general, Dr. Hung Tran, a consultative examiner, found no symptoms resulting from Plaintiff's HIV-positive status.  (Tr. 291-93.)  Similarly, Dr. Eric Puestow, another consultant, found "no documented manifestations" of HIV.  (Tr.

376.) And Plaintiff's laboratory results indicated that the symptoms of Plaintiff's HIV-positive status were mostly, if not entirely, resolved. (*See* Tr. 379-83.) Thus, the ALJ's conclusion that Plaintiff did not meet the requirements of Listing 14.08B(2) rests on substantial evidence.

> **2. Whether the ALJ erred in finding that Plaintiff failed to "meet his burden in proving that his HIV impairment met . . . Listing . . . 14.08C(2)"**

Under 20 C.F.R. Part 404, Subpart P, Appendix 1, section 14.08C(2), a person is disabled if he is infected with HIV and has "[p]neumocystis carinii pneumonia [PCP] or extrapulmonary pneumocystis carinii infection."

In support of his argument that he met this listing, Plaintiff relies on a diagnosis "possibly consistent with [PCP]" upon his admission to Shands Jacksonville on May 3, 2006 (Tr. 220), and the May 5, 2006 consult diagnosis by Dr. James Cury, during that same hospitalization, that Plaintiff had "diffuse pneumonia that is Pneumocystis until proven otherwise, but could be community acquired pneumonia" (Tr. 218). (*See* Doc. 22.) Plaintiff also relies on his May 9, 2006 diagnosis of PCP upon his discharge from the same hospitalization (Tr. 216). (*See* Doc. 22.) And finally, Plaintiff offers the conclusory opinion of Dr. Reeder, in response to the same questionnaire aforementioned, that Plaintiff had "PCP pneumonia," among many other diagnoses (Tr. 499). (*See* Doc. 22.)

Again, these diagnoses raise an issue whether Plaintiff may have had PCP. But a diagnosis alone is not enough, 20 C.F.R. §§ 404.1525(d), 416.925(d), and the record is void of any corroborative medical evidence supported by clinical and laboratory findings, *see Carnes*, 936 F.2d at 1218.

8

Moreover, the record is also reasonably susceptible to a conclusion that Plaintiff did not have PCP, but rather some other pulmonary disorder.  In addition to Dr. Cury's ambiguous diagnosis discussed above (*see* Tr. 218), there were several other equivocal diagnoses regarding Plaintiff's pulmonary health (Tr. 402, 487 (opining that Plaintiff might have "pulmonary edema," "multilobar pneumonia, atypical pneumonia")).  Thus, the ALJ's conclusion that Plaintiff did not meet the requirements of Listing 14.08C(2) is supported by substantial evidence.

> 3. **Whether the Appeals Council erred "by (1) failing to recognize that the ALJ erred in determining that [Plaintiff's] impairments did not meet a Listed impairment(s) and (2) failing to recognize that [Plaintiff's] HIV impairment met revised Listing 14.08B(2) and/or 14.08B(7)"**

Plaintiff argues the Appeals Council erred by failing to recognize the ALJ erred in her determination that Plaintiff's impairments did not satisfy the criteria of the Listings. (Doc. 22.)  Because the Court has already determined that the ALJ did not err in her determination of that issue, it similarly concludes that the Appeals Council did not err by refusing to review the ALJ's decision of that issue.  *See* 20 C.F.R. §§ 404.970, 416.1470 (stating the limited circumstances in which the Appeals Council will review a case).

Plaintiff also argues that the Appeals Council erred by failing to recognize Plaintiff's impairment met Listings 14.08B(2) or 14.08B(7), as revised after the ALJ's decision. (Doc. 22.)  Because the revised regulations were clearly not intended to be applied retroactively, *see* 73 Fed. Reg. 14570, 14572 (2008) (stating an expectation that "the court would review the Commissioner's final decision in accordance with the rules in effect at the time the final decision of the Commissioner was issued"), the Appeals Council was bound to apply the

law in place at the time the ALJ issued her decision when deciding whether to review that decision. Moreover, there does not appear to be any significant difference between the two versions.[7] Accordingly, the Appeals Council committed no error when it declined to review the ALJ's decision and retroactively apply the amended regulations.

### V. Conclusion

The Court does not make independent factual determinations, reweigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather the Court's review is limited to determining whether the ALJ's findings are based on appropriate legal standards and are supported by substantial evidence. Based on these standards, the Court concludes that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act is due to be affirmed. Accordingly, it is hereby

**ORDERED**:

The Commissioner's decision is hereby **AFFIRMED**. The Clerk of the Court is directed to enter judgment **AFFIRMING** the Commissioner's decision and to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on September 17, 2010.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record

---

[7] Plaintiff concedes that there is no substantive difference between the two versions. (Doc. 22.)